IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Emanuel Richard Howard, | ) | C/A No.:  3:11-3418-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Jeradine Childs, Chief Judge 5th Cir.; | ) | REPORT AND RECOMMENDATION |
| Tivis Therland, Atty. at Trial; Anne | ) | |
| Spears Walsh, 5th Cir. Solicitor; | ) | |
| William Byars, Jr., Director of SCDC; | ) | |
| Kela Evans Thomas, Director Dept. | ) | |
| PPPS, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, proceeding pro se and in forma pauperis, brings this action alleging violations of 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.  For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

The complaint states that Plaintiff was sentenced by "Chief Judge Jeradine Childs in 5th Cir Richland County S.C." on March 3, 2008.  [Entry #1 at 3].  Plaintiff claims that his "plea proceeding was negociated [sic] by Atty Tivis Sutherland[1] with the promise that [Plaintiff] would receive a YOA not to exceed six yrs." *Id.*  However, Defendant Childs

---

[1] Plaintiff refers to his defense attorney as Tivis Therland and Tivis Sutherland in the complaint.

allegedly wrote a "comment on [Plaintiff's] sentencing order" that required him to remain incarcerated for a definite term of four (4) years. *Id.* Plaintiff claims he was "never informed by legal counsel Atty Tivis Sutherland as to the subsequent comment place[ed] on [Plaintiff's] sentencing order." *Id.* The complaint further alleges that Solicitor Mrs. Walsh "acted with deliberate indifference when she went along with the illegal sentence" and failed to research the statutes "with respect to the sentencing of youthful offenders." *Id.* Defendant William Byars, Jr., is named for refusing to release Plaintiff on April 15, 2011. *Id.* at 4. No factual allegations appear in the body of the pleading for Defendant Kela Evans Thomas, Director of the Department of Probation, Parole, and Pardon Services. Plaintiff seeks monetary damages for the Defendants' actions. *Id.* at 5.

II.     Discussion

    A.     Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity may be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990).

B.   Analysis

To state a claim under 42 U.S.C. §1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United Sates was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, the complaint names two defendants who are immune from Plaintiff's claim for monetary damages under § 1983. First, the complaint alleges constitutional violations by Jeradine Childs, the sentencing judge in Plaintiff's state criminal proceedings. South Carolina circuit court judges are part of the State's unified judicial system, *see* S.C. Const. art. V, § 1, and have absolute immunity from a claim for

damages arising out of their judicial actions. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351–364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). The complaint's allegations against defendant Childs stem from judicial actions taken during Plaintiff's criminal proceedings and sentencing. Therefore, defendant Childs is absolutely immune from Plaintiff's claim for damages under § 1983 and is entitled to summary dismissal from this action.[2]

Second, Plaintiff names the prosecuting attorney in his criminal case, Anne Spears Walsh. In South Carolina, regional prosecutors are elected by voters of a judicial circuit and are called Solicitors and Assistant Solicitors. *See* S.C. Const. art. V, § 24; S.C. Code Ann. § 1-7-310. Such prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 272–73 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). As Plaintiff's claims regarding defendant Walsh's

---

[2] South Carolina circuit court judges are also protected from claims for injunctive relief. Section 309(c) of the Federal Courts Improvement Act of 1996 (FICA), Pub. L. No 104-317, 110 Stat. 3847 (1996), amended § 1983 to bar injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

prosecution of his criminal case are barred from suit under § 1983, this defendant is also entitled to summary dismissal from the instant action.[3]

Next, Plaintiff alleges a violation of his constitutional rights by his defense attorney, Tivis Therland. However, an attorney—whether retained, court-appointed, or a public defender—does not act under color of state law when performing traditional functions as counsel. *See Polk County v. Dodson*, 454 U.S. 312, 317–324 & nn. 8–16 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155–1156 & nn. 2–3 (4th Cir. 1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney). The complaint names defendant Therland for actions associated with this Defendant's representation of Plaintiff in state court. Therefore, defendant Therland is not considered a "state actor" amenable to suit under § 1983, and the Plaintiff's claims against this defendant should be summarily dismissed.

Plaintiff also names William Byars, Jr., the Director of the South Carolina Department of Corrections, as a defendant in this case. The complaint alleges that Defendant Byars violated Plaintiff's right to due process and equal protection by refusing to release Plaintiff on April 15, 2011. [Entry #1 at 4]. To the extent the complaint seeks

---

[3] Plaintiff also alleges "malicious prosecution" by Defendant Walsh. [Entry #1 at 6]. "In order for a plaintiff to state a section 1983 malicious prosecution claim for seizure violative of the Fourth Amendment, [the Fourth Circuit has] required that the defendant have 'seized [plaintiff] pursuant to legal process that was not supported by probable cause and that the criminal proceedings [have] terminated in [plaintiff's] favor.'" *Burrell v. Virginia*, 395 F.3d 508, 514 (4th Cir. 2005) (quoting *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183–84 (4th Cir. 1996)). The complaint indicates that Plaintiff's criminal proceedings did not terminate in his favor. Thus, even if Defendant Walsh did not have immunity from suit under § 1983, any malicious prosecution claim asserted by Plaintiff would be subject to summary dismissal.

5

monetary damages against Defendant Byars in an official capacity, Plaintiff's claims are barred by the Eleventh Amendment, which forbids a federal court from rendering a judgment against an unconsenting state in favor of a citizen of that state. *Edelman v. Jordan*, 415 U. S. 651, 663 (1974). Although this language does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court in *Hans v. Louisiana*, 134 U. S. 1 (1890), held that the purposes of the Eleventh Amendment (i.e. protection of a state treasury) would not be served if a state could be sued by its citizens in federal court.[4]

Further, Plaintiff's claims against Defendant Byars in an individual capacity are also subject to summary dismissal. In regard to Plaintiff's equal protection claim, "[t]he purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (internal quotation marks omitted). Thus, the Supreme Court has recognized the validity of "class of one" Equal Protection claims, "where the plaintiff alleges that she [or he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id. See also Willis v. Town of Marshall*,

---

[4] While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. *See Quern v. Jordan*, 440 U. S. 332, 343 (1979). In addition, a State may consent to a suit in a federal district court. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 & n. 9 (1984). However, the State of South Carolina has not consented to such actions. *See* S.C. Code Ann. § 15-78-20(e).

*N.C.*, 426 F.3d 251, 263 (4th Cir. 2005). The instant complaint provides no facts to demonstrate that defendant Byars intentionally treated Plaintiff differently from other similarly situated inmates. Therefore, the complaint's equal protection claim against this Defendant should be summarily dismissed.

Plaintiff's due process claim against Defendant Byars is likewise subject to summary dismissal. In order to prevail on a due process claim, a plaintiff must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997). When the action does not cause the original sentence to be enhanced, protected interests will generally be limited to freedom from restraint that imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472 (1995). Although Plaintiff believes that the sentence imposed by Judge Childs was illegal, the complaint states that Plaintiff's sentencing order authorized his incarceration by defendant Byars for a definite term of four years. [Entry #1 at 3]. Thus, defendant Byars refusal to release Plaintiff prior to the expiration of that term did not result in an enhancement of Plaintiff's original sentence. Nor does Plaintiff provide any facts to indicate that his incarceration by defendant Byars was in any way atypical in relation to normal prison life. As such, Plaintiff's due process claim must fail.

Finally, Plaintiff lists Kela Evans Thomas, the Director of the South Carolina Department of Probation, Parole, and Pardon Services, as a Defendant in the caption of the complaint, but fails to allege facts against her. A plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights.

*Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See Reaves v. Richardson*, No. 4:09-820-TLW-SVH, 2011 WL 2119318, at *6 (D.S.C. March 1, 2011); *Curtis v. Ozmint*, No. 3:10-3053-CMC-JRM, 2011 WL 635302, at *4 n.5 (D.S.C. Jan. 5, 2011). Although the Court must liberally construe the pro se complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989). He must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). In the instant action, Plaintiff fails to provide any factual allegations against defendant Thomas. Therefore, this Defendant is entitled to summary dismissal.

III.    Conclusion

Accordingly, it is recommended that the district judge dismiss the complaint in the above-captioned case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*[Signature: Shiva V. Hodges]*

January 19, 2012                                        Shiva V. Hodges
Columbia, South Carolina                      United States Magistrate Judge


**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).